JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
Email: jboyle@nvlawfirm.com
KEARNEY PUZEY DAMONTE LTD.
300 South Fourth Street, Suite 1010
Las Vegas, Nevada 89101
Telephone:     (702) 760-0177

BRIAN N. PLATT (*pro hac vice*)
bplatt@wnlaw.com
COLLIN D. HANSEN (*pro hac vice*)
chansen@wnlaw.com
WORKMAN NYDEGGER
60 East South Temple Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Plaintiff Axcess Global Sciences, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AXCESS GLOBAL SCIENCES, LLC,<br><br>Plaintiff,<br>v.<br><br>REVOLUTION LABORATORIES LLC d/b/a REVLABS; REV LABS DISTRIBUTION LLC; and REV LABS MANAGEMENT INC.,<br><br>Defendants. | Case No: 2:23-cv-01169-JAD-MDC<br><br>**ATTORNEY JAMES D. BOYLE'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF AXCESS GLOBAL SCIENCES, LLC** |

James D. Boyle, Esq. ("Mr. Boyle"), on behalf of and through Plaintiff Axcess Global Sciences, LLC ("Plaintiff"), hereby submits this Motion for Leave to Withdraw As Counsel of Record for Plaintiff Axcess Global Sciences, LLC (the "Motion"). Mr. Boyle and Plaintiff base this Motion on the pleadings and records filed in this action, the Declaration of James D. Boyle, Esq. attached hereto and incorporated herein by this reference as Exhibit A (the "Boyle Decl."), and any oral argument presented to this Court.

**I.     STATEMENT OF FACTS**

This action has been pending before this Court for an extended period of time. On October 17, 2024, this Court entered a default against Defendants Revolution Laboratories LLC d/b/a

1  RevLabs, Rev Labs Distribution LLC, and Rev Labs Management Inc. (together, the
2  "Defendants") (ECF No. 16). Subsequently, on July 22, 2024, this Court entered an Order Granting
3  Plaintiff's Motion for Partial Default Judgment and Post-Judgment Discovery (ECF No. 24), and
4  on this same date a Partial Default Judgment was lodged (ECF No. 25). This matter is presently in
5  a post-judgment discovery phase. Boyle Decl., at ¶ 7. There are presently no scheduled hearing
6  dates or trial dates necessitating immediate attention. *Id.*

7  Since the commencement of this action, Plaintiff has been represented by Mr. Boyle and
8  Jessica M. Lujan, Esq. ("Ms. Lujan") as local counsel, and in association with Brian N. Platt ("Mr.
9  Platt") and Collin D. Hansen ("Mr. Hansen") of the law firm of Workman Nydegger as lead
10 counsel, both of whom have been admitted *pro hac vice*. *See* Boyle Decl., at ¶ 3.

11 Both Mr. Boyle and Ms. Lujan were formerly with the law firm of Holley Driggs. Ltd.
12 ("Holley Driggs"). However, effective October 1, 2024, Holley Driggs ceased its business
13 operations. Boyle Decl., at ¶ 4. Mr. Boyle has moved his practice to the law firm of Kearney Puzey
14 Damonte, Ltd.; Ms. Lujan has moved her practice to the law firm of Spencer Fane LLP. *Id.* Plaintiff
15 has elected to remain represented by Ms. Lujan on a prospective basis, as well as to remain
16 represented by Mr. Platt and Mr. Hansen as lead counsel. *Id.* Plaintiff does not object to Mr.
17 Boyle's withdrawal as their local counsel. *Id.*

18 Pursuant to LR IA 10-6(b), Plaintiff has been served with this Motion and the request for
19 leave to withdraw set forth herein. Boyle Decl., at ¶ 6. Likewise, Mr. Boyle's new law firm has
20 mailed a copy of this Motion to Defendants at their last known mailing address(es), and it has
21 mailed a copy to an attorney claiming to represent Defendants as their "outside general counsel"
22 (though said attorney has not made an appearance in this action). *Id.*

23                              **II.    ARGUMENT**
24 LR IA 11-6 states that "an attorney [seeking] to withdraw after appearing in a case . . . must
25 file a motion . . . and serve it on the affected client and opposing counsel." LR IA 11-7 incorporates
26 by reference the Model Rules of Professional Conduct (the "Rules"), as adopted from time to time
27 by the Nevada State Supreme Court. NRPC 1.16(b)(1) states that "a lawyer may withdraw from
28 representing a client if . . . (1) withdrawal can be accomplished without material adverse effect on

the interests of the client."

In this matter, Plaintiff will continue to be represented by the law firm of Workman Nydegger (through both Mr. Platt and Mr. Hansen), both of whom have represented Plaintiff since the commencement of this action. Furthermore, Plaintiff will continue to be represented by Ms. Lujan as local counsel through her new firm, Spencer Fane LLP. Thus, there is no material adverse effect on the interests of Plaintiff should this Court grant leave to Mr. Boyle to withdraw as local counsel in this action. Additionally, no delay in discovery, the trial, or any hearing in this will result from Mr. Boyle's withdrawal. <u>See</u> LR IA 11-6(e).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant leave for Mr. Boyle to withdraw as its local counsel in this action, pursuant to and in compliance with LR IA 11-6 and 11-7. Plaintiff will continue to be represented by Mr. Platt, Mr. Hansen, and Ms. Lujan in this action.

DATED this the 15th day of October, 2024.

**KEARNEY PUZEY DAMONTE LTD.**

<u>/s/ James D. Boyle</u>
JAMES D. BOYLE, ESQ. (NBN 0834)
300 South Fourth Street, Suite 1010
Las Vegas, Nevada 89101

### ORDER

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 10/30/2024