UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Axcess Global Sciences, LLC,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>Revolution Laboratories LLC, et al.,<br><br>　　　　　　Defendant(s). | 2:23-cv-01169-JAD-MDC<br><br>**ORDER GRANTING MOTION** |

Pending before the Court is plaintiff's *Motion Regarding Discovery Dispute* ("Motion to Compel") (ECF No. 32) in which plaintiff seeks to compel discovery responses. For the reasons stated below, the Court GRANTS the Motion to Compel.

## DISCUSSION

### I. BACKGROUND

Plaintiff initiated this action on July 25, 2023. ECF No. 1. On July 22, 2024, the district judge granted partial default judgment as to liability only. ECF Nos. 24, 25. The district judge also granted plaintiff leave to conduct post-judgment discovery. ECF No. 24. On January 17, 2025, plaintiff filed the Motion to Compel (ECF No. 32) in compliance with Standing Order (ECF No. 26)[1]. Plaintiff seeks responses to its Interrogatories and Document Requests. ECF No. 32.

### II. LEGAL STANDARD

The Ninth Circuit has held that when default has been entered, courts accept the well-pleaded factual allegations in the complaint as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 89 L. Ed. 3, 65 S. Ct. 16 (1944)). However, courts do not accept factual allegations relating to the amount of damages as true. *Id.* Thus, default establishes a party's liability, but not the amount of damages claimed in the pleading. Therefore, "[w]hen a plaintiff

---

[1] The Standing Order required parties to file a stipulation regarding the discovery dispute. However, because defendants defaulted, plaintiff filed a motion instead.

seeks default judgment for damages, it must prove up its damages with specific evidence." *Thorndike Props. v. Harkins*, 2017 U.S. Dist. LEXIS 128295, at * 4 (D. Nev. Aug. 4, 2017) (internal citations omitted).

Pursuant to Rule 69, "[i]n aid of the judgment or execution, the judgment creditor… may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Under the federal rules, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Nevada rules have a similar, if not identical, language. *See* Nev. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defenses and proportional to the needs of the case."). Thus, discovery under Rule 69 is "quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254, 189 L. Ed. 2d 234 (2014).

A party seeking to compel discovery has the burden of supporting its requests with meaningfully developed legal arguments and specific case law." *Linksmart Wireless Tech., LLC v. Caesars Ent. Corp.*, 2021 WL 933240, at *1 (D. Nev. Jan. 28, 2021).  The party resisting discovery bears "the heavy burden of showing why discovery should be denied." *Daisy Tr. v. JP Morgan Chase Bank.*, 2017 WL 3037427, at *2 (D. Nev. July 18, 2017) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). To meet that burden, the party opposing discovery must specifically detail the reasons for why discovery is objectionable and should be denied. *Linksmart Wireless Tech.*, 2021 WL 933240, at *1. Such party "may not rely on boilerplate, generalized, conclusory, or speculative arguments." *Id.* (citing *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013)). "General objections are not useful to the court ruling on a discovery motion." *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 58 (D.D.C. 1984).

//

//

### III. ANALYSIS

Plaintiff seeks to compel responses to two Interrogatories and six Document Requests, as restated below:

> INTERROGATORY NO. 1. Identify on a product-by-product and monthly basis where, by whom, and over what time period, the Accused Products were advertised, sold, or distributed in the United States by any of the Defendants since the first sale of such Accused Products by the Defendants
>
> INTERROGATORY NO. 2. Identify all websites, marketplaces, and brick-and-mortar retail outlets where the Accused Products were advertised, sold, or distributed by any of the Defendants since the first sale of such Accused Products by the Defendants.
>
> DOCUMENT REQUEST NO. 1. Documents sufficient to show the total sales of all Accused Products by any of the Defendants on a product-by-product and month-by-month basis since the first sale of such Accused Products by the Defendants.
>
> DOCUMENT REQUEST NO. 2. Documents sufficient to show sales reports for all Accused Products on revlabs.com, eBay.com, or Amazon.com on a product-by-product, SKU by SKU, and month-by-month basis since the first sale of such Accused Products by the Defendants.
>
> DOCUMENT REQUEST NO. 3. Documents sufficient to show Defendants' gross revenue, costs, expenses, and profits in the United States and Worldwide, associated with all Accused Products, since the first sale of such Accused Products by the Defendants.
>
> DOCUMENT REQUEST NO. 4. Documents sufficient to show any contracts, invoices, purchase orders, and Communications with any manufacturer of any Accused Product.
>
> DOCUMENT REQUEST NO. 5. Documents sufficient to show any contracts, invoices, purchase orders, and Communications with any distributor, seller, or retailer of any Accused Product.
>
> DOCUMENT REQUEST NO. 6. Documents sufficient to show any Communications related to the design of any product label for any Accused Product.

ECF Nos. 22, 32.

Plaintiff argues that the discovery requests are "limited and proportional to the needs of Plaintiff's Motion for Default Judgment as to Damages Liability." As stated above, in order to move for default judgment as to damages, a plaintiff "must prove up its damages with specific evidence."

*Thorndike Props*, 2017 U.S. Dist. LEXIS 128295, at * 4. The Court has reviewed the discovery requests and finds that requests are relevant to plaintiff's calculation of damages. The discovery requests seek information such as sales information, gross revenue, profits, and contract information. The discovery sought is necessary to aid plaintiff in moving for default judgment as to damages. There is no indication that the requests are not proportional to plaintiff's needs. Nor are the requests overly burdensome. Furthermore, the defaulting parties were served plaintiff's discovery requests and failed oppose or otherwise respond. *See* ECF No. 22 at 13 (certificate of service); ECF No. 32-1; LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion.").

ACCORDINGLY,

**IT IS ORDERED that** the *Motion Regarding Discovery Dispute* (ECF No. 32) is GRANTED. Defendants shall respond to plaintiff's discovery request within 21 days of the date of this Order. Failure to respond may result in defendants being held in contempt of court or other sanctions.

**IT IS FURTHER ORDERED** that plaintiff must serve a copy of this Order to defendants via both defendants' last known electronic and physical addresses.

DATED this 11th day of February 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge